## RIESEN v STATE OF FLORIDA
### CJAP 83-71
Ninth Judicial Circuit, Orange County
July 17, 1984

**APPEARANCES OF COUNSEL**

**Tom Vaughan,** Assistant State Attorney, for appellee.
**Warren Turner** for appellant.

### OPINION OF THE COURT

LAWRENCE R. KIRKWOOD, Circuit Judge.

*ORDER DENYING MOTION FOR REHEARING*

After a thorough review of the Appellant's Motion for Rehearing, this Court denies said Motion on the following grounds:

The Court restates the controlling fact from its opinion dated June 21, 1984, (See *Riesen v. State of Florida*, 7 Fla.Supp.2d 28 (9th J.C. 1984) that the Appellant's attorney failed to preserve an adequate record in trial court to support the arguments raised on appeal. The Appellant did not put the trial judge on notice of his specific objection. This Court is cognizant of the portions in the transcript of plea in which the Appellant stated he was "reserving a right to contest the

issue of whether its a first or a second conviction". However, said statements do not constitute a formal objection which enabled the trial judge to rule on a specific question of law, instead all their arguments were raised on appeal. To uphold such a vague, ambiguous, and nebulous objection would be asking the trial judge to decide a case without all the facts. This is contrary to long standing precedent in Florida. see *Weeks v. Hays*, 45 So. 987 (Fla. 1908).

The Appellant's contention that "his driving record should not be the sole basis for sentencing" is not substantiated by any case law. Moreover, this argument flies in the face of Florida Statutes 322.201, which reads in pertinent part that "a certified driving record shall be received as evidence in all courts of this State without further authentication. . .".

The trial judge unequivocally stated that his sentence was predicated on the fact that this was a second Driving Under the Influence conviction against the Defendant. The transcript suggests that this was the understanding of the Appellant and his attorney. The Appellant's attorney stated that the involved sentence was "our understanding of the standard sentence. . ." Furthermore, the Appellant had ample opportunity to withhold his plea of no contest. In light of the Defendant's subsequent plea, it is reasonable to conclude that the Defendant and his attorney had sufficient notice of the charges against him.

Notwithstanding the fact that copies of a prior judgment were "admitted into evidence" by the State in *Francois v. State*, 407 So.2d 885 (Fla. 1981), the case still sheds light on the instant case. *Francois* is cited for the court's contention that "the copies of judgments of conviction naming the Defendant as the convicted Defendant constituted sufficient proof of the aggravating factor". Moreover, the court stated "that the Appellant could have rebutted the information or challenged the accuracy of the documents had he chosen to try to do so". In the case at bar, the court's use of the driving record is deemed proper under Florida Statutes 322.201 (1983) and Florida Rules of Criminal Procedure, Rule 3.710. The Appellant here had the choice to challenge the use of the record in trial court by making a formal unambiguous objection. The record is silent of such direct challenge. Thus the use of the record must be upheld.

The court's mentioning of "jury" on page 30, paragraph 3, of the opinion (See 7 Fla.Supp.2d 28 at page 30) is merely ministerial surplusage. The inclusion of the word "jury" even though incorrect, had no material effect on the issues raised on appeal. Furthermore, the case had the Defendant not plead, would have gone to a jury.

**39**

All the other arguments in the Appellant's Motion for Rehearing, even though they may have some merit, are not substantial enough to effect the trial court's holding. More importantly, this Court refuses to review the merit of an argument which was not properly raised before the trial judge. Therefore, it is:

CONSIDERED, ORDERED, AND ADJUDGED that the Defendant's Motion for Rehearing is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Circuit Court, is to send a copy of this Order Denying Motion for Rehearing and a copy of the Mandate and Opinion previously filed in the case to the lower court to support the original decision and opinion of this Court.